28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vern LEMRICK, Plaintiff-Appellant,
v.
Joseph WARD, Gresham City Police, Multnomah County Sheriff
Department, Rachel Woods, et al., Defendants-Appellees.
 No. 93-35815.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vern Lemrick appeals pro se the district court's judgment of dismissal after a jury trial rejecting his 42 U.S.C. Sec. 1983 civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Lemrick claims that while driving his car, he was illegally stopped by a police officer who illegally searched his car and who used excessive force in arresting him in violation of the Fourth and Eighth Amendments. At trial, the police officer testified that he stopped Lemrick's car because Lemrick was driving 10 miles per hour below the posted speed limit and was weaving between lanes. Further, the officer testified that Lemrick was arrested pursuant Oregon Revised Statute sections 807.570(1), (4), and (5) because he refused to identify himself or to show the officer his driver's license.
 
 
 4
 Lemrick contends that the district court erroneously instructed the jury. We review the district court's formulation of the jury instructions for an abuse of discretion. Oviatt v. Pearce, 954 F.2d 1470, 1480 (9th Cir.1992).
 
 
 5
 After the district court judge instructed the jury, Lemrick made the following objection to the jury instructions: "Well, I object to the [instruction] about driving.... Because the Supreme Court had already ruled that we have ... a right to travel, and it's not a privilege to be taken by the corporation." Pursuant to Fed.R.Civ.P. 51, "[n]o party may assign as error the giving or the failure to give a[ ] [jury] instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. Lemrick objected only to the jury instruction "about driving" and alluded to an unnamed United States Supreme Court case about the right to travel. Because Lemrick failed to articulate a specific ground for his objection, we do not have a sufficient basis on which to review the instructions. See Kopczynski v. The Jacqueline, 742 F.2d 555, 560 (9th Cir.1984), cert. denied, 471 U.S. 1136 (1985).
 
 
 6
 Lemrick next contends that the district court erred by dismissing Multnomah County pursuant to Monell v. Dep't of Social Servs, 436 U.S. 658, 694 (1978). In Monell, the Supreme Court held that a local government is responsible under section 1983 only for those injuries caused by employees acting in accordance with an established policy or custom. Id. Here, Lemrick sued Multnomah County directly but failed to allege that county employees were acting pursuant to a municipal policy or custom when they allegedly violated his civil rights. We conclude that the district court properly dismissed Multnomah County as a party to this action. See id.
 
 
 7
 Finally, Lemrick contends that the district court erred in dismissing certain individual defendants because they were not properly served in accordance with Fed.R.Civ.P. 4(j). Lemrick argues that he thought that he had served those defendants, and that if he had known otherwise, he would have served them. This is insufficient to show excusable neglect. See Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992) (simple inadvertence, mistake, or ignorance of the rules does not constitute "excusable neglect").
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3